IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

✓ FILED ___, ENTERED
____ LOGGED _____ RECEIVED

1:29 pm, Jun 18 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____R.C.____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  1:26-cr-00197-JKB |
| | * | |
| KARTHIKEYAN DEENADAYALAN, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

*****

## DEFERRED PROSECUTION AGREEMENT

Karthikeyan Deenadayalan ("the Defendant") agrees to waive his right to be charged by a federal grand jury through Indictment, and agrees to be charged by the United States of America filing an Information alleging that the Defendant violated the Ports & Waterways Safety Act. 42 U.S.C. § 70036(b). After an investigation into potential violations of federal criminal law and the Defendant's background, it has been determined that the ends of justice will be served by the following agreement, which incorporates herein the Sealed Supplement:

1. The Defendant admits that he did, in fact, commit a violation of the Ports & Waterways Safety Act, and that the attached Statement of Facts is true and correct. The Defendant agrees that if he violates this agreement, the United States Attorney's Office for the District of Maryland or the Department of Justice, Environment & Natural Resources Division (collectively, the "Government"), may elect to charge him with a violation of any federal criminal statute arising out of the March 26, 2024 allision involving the *M/V Dali* and the Francis Scott Key Bridge, including but not limited to, violations of the Ports & Waterways Safety Act, and that the admission set forth in Attachment A (the "Statement of Facts") may be admitted into evidence in any

1

subsequent legal proceeding in a United States federal court, up to and during trial and sentencing of this matter.

2. The Government agrees that the prosecution of the conduct in the Information and in the Statement of Facts shall be deferred for a period of thirty-six (36) months from the date of this agreement, provided that the Defendant abides by the terms of this agreement (including the Sealed Supplement).

3. The Defendant agrees to fulfill the following conditions:

a. The Defendant will submit to supervision by the U.S. Probation and Pretrial Services Office of the District of Maryland and by any of its designated representatives in this matter, and will dutifully follow all directions of its officers;

b. The Defendant will refrain from any violation of federal, state or local law;

c. The Defendant will contact his U.S. Pretrial Services Officer immediately if arrested or questioned by a law enforcement officer;

d. The Defendant will notify his U.S. Pretrial Services Officer immediately of any change in his place of residence or his employment;

e. The Defendant will obtain permission from the Government and the U.S. Pretrial Services Officer before travelling outside the United States for any reason;

f. The Defendant will accept service of legal process through electronic mail directed to his undersigned counsel (or any replacement counsel);

g. The Defendant waives any and all challenges to the jurisdiction of this Court, including challenges that may arise based on the Defendant's future travel and location and/or events in the future;

2

h.  The Defendant further understands that, pursuant to the Sixth Amendment to the United States Constitution, and Federal Rule of Criminal Procedure 18, the Defendant has the right to be prosecuted in a district where the offense was committed. The Defendant agrees to waive any challenge to venue and consents to be prosecuted pursuant to the Information in the District of Maryland;

i.  In the event prosecution is reinstituted pursuant to paragraph 4 of this agreement, the Defendant will waive any defense on the grounds that the delay from the date of this agreement and thirty-six (36) months thereafter operated to deny his right to a speedy trial under the Sixth Amendment to the United States Constitution, Rule 48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act (18 U.S.C. Section 3161 et seq.), Local Rule 30 of the United States District Court for the District of Maryland, or the pertinent statute of limitations; and

j.  The conditions listed in any Sealed Supplement.

4.  In the event that the Government believes the Defendant violated the terms of this agreement, the Government may move the Court to find, by a preponderance of the evidence, that the agreement has been violated. Upon a finding by the Court that the agreement has been violated, the Government may:

a.  Revoke or modify any condition of this deferred prosecution agreement;

b.  Change the period of supervision;

c.  Discharge the Defendant from supervision; or

d.  Prosecute the Defendant for the offenses specified herein.

5.  In the event that the Defendant complies with the terms of this agreement during the 36 months from the date of this agreement, the Government shall seek no further prosecution

3

of the Defendant for the offenses specified herein or any other crime arising out of the allision and will dismiss the Information.

6.      This agreement does not provide any protection against prosecution for any allegations except those contained in the Statement of Facts or otherwise referred to in this agreement. In addition, this agreement applies only to the defendant and not to any other individuals. It is further understood that this agreement does not bind or enure to the benefit of any federal, state, local, or foreign prosecuting authority other than the United States Attorney's Office for the District of Maryland and the Environment and Natural Resources Division, Environmental Crimes Section, U.S. Department of Justice.[1]

7.      The Defendant expressly waives any and all rights to a speedy trial pursuant to 18 U.S.C. § 3161(h)(2), and the Defendant and the Government agree that the period of this DPA shall be excluded from computation under that subsection.

8.      With respect to this matter, from the date of execution of this agreement forward, this agreement supersedes any prior understandings, promises, and/or conditions between the Government and the Defendant, other than informal immunities relating to prior proffer sessions. No additional promises, agreements, or conditions have been entered into other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

---

[1] The Government acknowledges that this Agreement does not prevent the Defendant from pursuing any and all lawful defenses that he may have should any prosecuting authority not listed in this paragraph pursue criminal charges against him.

4

AGREED:

_Kelly O. Hayes /mp_

Kelly O. Hayes
United States Attorney

_for: Leigh T. Renli_

Adam R. F. Gustafson
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

Date: 06|15|2026

Karthikeyan Deenadayalan
Defendant

Date: 6/15/2026

Gregg L. Bernstein /JJC
Gregg L. Bernstein

John J. Connolly
ZUCKERMAN SPAEDER LLP
Counsel for the Defendant

The foregoing waiver of the defendant's right to a speedy trial is approved pursuant to 18

U.S.C. § 3161(h)(2).

Date: June 18, 2026

James K. Bredar
United States District Judge

5